FILED
SUPERIOR COURT
OF GUAM

2025 JAN -7 PM 4: 46

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF<br><br>FRANCISCO LEON GOGUE,<br><br><br><br><br>DECEASED. | PROBATE CASE NO. PR0184-23<br><br>**DECISION AND ORDER**<br>*Re: Petitioner Robin Marquardt's Involuntary Petition for Letters of Administration and Petitioner Georgette B. Concepcion's Petition for Letters of Administration* |

This matter came before the Honorable Arthur R. Barcinas on October 3, 2024, for a hearing on an Involuntary Petition for Letters of Administration ("Involuntary Petition") filed by Petitioner Robin Marquardt, and a Petition for Letters of Administration ("Petition") filed by the counsel of Decedent Francisco Leon Gogue's ("Decedent") surviving spouse Kris G. Gogue, nominating Attorney Georgette B. Concepcion as Administratrix. Present at the hearing was Movant's counsel Attorney Terrence M. Brooks, as well as Marquardt and his counsel Attorney Mark S. Smith. Upon hearing the parties' arguments, the Court took the matter under advisement.

## BACKGROUND

Decedent and Gogue were married in Las Vegas, Nevada, on July 18, 2012. On January 26, 2023, Decedent died intestate in California, leaving property in Guam. On October 30, 2023, Marquardt, who is Decedent's nephew, filed the Involuntary Petition as a creditor. In the Involuntary Petition, Marquardt asserted that he is contractually entitled to a portion of Lot No. 5137-2-R2-2, Fountain Plaza, Tumon, Guam (the "Property"), alleging that he and Decedent had

entered into an oral contract. Marquardt alleged that Decedent had promised to convey a thirty percent (30%) interest in the Property to Marquardt and Marquardt's sister Kathleen, and that Marquardt had relied on Decedent's representations to his detriment. Marquardt also alleged that, pursuant to the above contract, Marquardt and his sister had assisted Decedent in the management of his estate on Guam without compensation, with Marquardt serving as Decedent's attorney-in-fact in three civil cases and as Decedent's agent in Guam business dealings while Decedent resided in California. Marquardt further alleged that he had expended $60,219.19 of his own funds for attorney's fees and $3,510.30 or court costs in pursuit of Defendant's legal claims and defending Decedent's property rights regarding Fountain Plaza. Marquardt alleges that, as Decedent's attorney-in-fact, he worked hundreds of hours to the benefit of Decedent, and requests compensation for his expended time in the amount of $15,880.00. Marquardt also alleges that Gogue is ineligible to serve as administrator under 15 GCA § 1801 and 1805(a)(1), as Gogue's last known address is in San Diego, California, and thus she is neither a resident of Guam nor present on Guam.

On June 17, 2024, Gogue filed the Objection to Appointment of Administrator ("Objection"), objecting to the appointment of Marquardt as administrator on allegations that she had first priority to be named administrator under 15 GCA § 1805(a)(1), and that, as a creditor, Marquardt has eighth priority. On the same day, Gogue's counsel filed the instant Petition, requesting that Attorney Concepcion serve as administratrix of the estate in Gogue's stead.

On October 3, 2024, a hearing was held on both petitions. On the same day, Marquardt filed a Reply to the Objection, asserting that Gogue was incorrect in assuming that her first priority as a surviving spouse would be transferred to Attorney Concepcion, and further asserting that Concepcion, as an attorney, is ninth in terms of priority under 15 GCA § 1805(a)(9).

## DISCUSSION

The crux of this matter is whether Attorney Concepcion, being nominated to serve as administrator in Gogue's stead, is entitled to the same first administrative priority that Gogue is entitled to as Decedent's surviving spouse, and thus higher priority than Marquardt. The Court finds that Attorney Concepcion is entitled to first priority for the following reasons.

Guam law expressly states that first priority is given to either "the surviving spouse, or some person competent under the provisions of Section 1801 of this Title whom the surviving spouse may request to have appointed." 15 GCA § 8105(a) (emphasis added). Under the provisions of 15 GCA § 1801(a), "[n]o person is competent to serve as an administrator who has not the qualifications required of an executor pursuant to the provisions of Section 1701 of this Title." 15 GCA § 1701(c) dictates that "[n]o natural person is competent to serve as an executor who: (1) is under the age of majority; (2) is not a resident of the territory of Guam; (3) is not physically present in the territory of Guam; (4) has been convicted of a felony, unless the Superior Court of Guam is satisfied that such person is competent to execute the duties of the trust; or (5) is adjudged by the Superior Court of Guam incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity."

Attorney Concepcion has been requested to be appointed administrator by Gogue, and Marquardt has provided no evidence that Attorney Concepcion is not competent under the provisions of 15 GCA § 1801. In this instance, her status as an attorney is immaterial because she is not petitioning on her own behalf but has been nominated by the surviving spouse and should thus be treated as any other nominee under 15 GCA § 8105(a). Thus, if Attorney Concepcion is competent according to the standard set by 15 GCA § 1701(c), the Court will acknowledge that she has first priority to be administrator.

The Petition alleges that Attorney Concepcion "is over the age of majority, a bonafide resident of Guam, U.S.A., and has never been convicted of a felony." Pet., ¶ 4. Based on these

allegations, the Court finds that Attorney Concepcion is competent pursuant to the statutory criteria of 15 GCA § 1701(c), and that, as Gogue's appointee, she has first priority to serve as administrator and thus superior priority to Marquardt.

## CONCLUSION

Based on the foregoing, the Objection is **SUSTAINED**, and the Court **DENIES** Marquardt's Involuntary Petition for Letters of Administration. As to Attorney Concepcion's Petition for Letters of Administration, in consideration of the adversarial relationship and claims between the parties, the Court **ORDERS** that the parties prepare briefs within twenty (20) days, regarding whether a security bond is necessary before Attorney Concepcion may be appointed as administratrix. A hearing will subsequently be set within ten (10) days after the filing of the briefs.

**IT IS SO ORDERED** _____JAN 0 7 2025_____.


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**